IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARRICONE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 09-CV-1123 |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et. al., | : | |
| | : | |
| Defendants | : | |
| | : | |

## **MEMORANDUM**

Plaintiff John Marricone filed a Complaint alleging several claims against Defendants Experian Information Solutions, LexisNexis Risk and Information Analytics Groups, Inc. ("Lexis") and Reed Elsevier, Inc. ("Reed"). These claims include violations of the Fair Credit Reporting Act ("FCRA"), and claims of defamation, negligence, and invasion of privacy. Defendants Lexis and Reed filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants ask this court to dismiss several of Plaintiff's claims, including Plaintiff's FCRA claims pursuant to 15 U.S.C. §§ 1681c, 1681e(b), 1681g, 1681n, 1681o, and any other applicable FCRA provisions, Plaintiff's defamation and invasion of privacy claims, and any request for equitable relief.

*FCRA claims*

Plaintiff's Complaint alleges sufficient facts under *Twombly* and *Iqbal* to survive a motion to dismiss on its FCRA claims. *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Under *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (2009) (internal citations omitted). Further, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for more than a "sheer possibility" of misconduct. *Id.* Plaintiff's complaint meets these standards; if the facts in Plaintiff's complaint are taken as true, there is a claim to relief that is plausible on its face.

Defendants argue that Plaintiff has not pled enough facts to allege that Lexis and Reed are consumer reporting agencies ("CRAs") in this case. The definition of a consumer reporting agency in 15 U.S.C. § 1681a(f) is fairly broad, and the language of the statute[1] as well as relevant case law demonstrate that whether an entity is acting as a consumer reporting agency in a particular situation is a fact-specific inquiry. While credit bureaus such as Equifax may be the paradigmatic CRAs, the term can extend beyond such entities. *See, e.g.*, *Williams v. LexisNexis*

---

[1] 15 U.S.C. §1681a(f) reads: "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

*Risk Mgmt. Inc.*, 2007 U.S. Dist. LEXIS 62193, *4 (E.D. Va. 2007); *Lewis v. Ohio Prof'l Elec. Network LLC*, 190 F. Supp. 2d 1049, 1061 (S.D. Ohio 2002). Thus factual discovery will help determine whether Defendants acted as CRAs in this case. Absent binding case law holding that Lexis and Reed are not CRAs as a matter of law, Plaintiff's allegations that Defendants operated as CRAs survives a 12(b)(6) motion to dismiss.

Defendants' argument that Plaintiff has not alleged facts sufficient to trigger the reinvestigation requirement under § 1681i is also premature. This provision requires that an agency have notice of any inaccuracy before it is required to reinvestigate the information. Though in many cases the consumer notifies the agency directly, the case law is not explicit as to exactly what type of notice is required. If Defendants had sufficient notice of the inaccuracy, the reinvestigation requirements of § 1681i might be triggered. Again, further discovery is needed.

*Defamation*

Plaintiff has also pled sufficient facts in the entirety of the complaint to allege each element of defamation under 42 PA. CONS. STAT. ANN. § 8343. Note, however, that under 15 U.S.C. § 1681h(e), a preemption issue may exist with regard to state law tort claims. Defendants have not argued this issue in their motion to dismiss, and thus I do not address it now.

*Invasion of privacy*

Plaintiff's allegations are insufficient to state a claim for false light invasion of privacy. Plaintiff alleges that Defendants reported inaccurate statements and information about him,

including a civil judgment in connection with a debt. Compl. ¶¶12-13 The tort of false light invasion of privacy involves "publicity that unreasonably places the other in a false light before the public." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. 1997) (internal citations omitted). A cause of action will be found where "there is such a major misrepresentation of his character, history, activities or belief that serious offense may reasonably be expected to be taken by a reasonable man in his position." *Id.* The elements of a false light claim are "publicity, given to private facts, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public." *Id.*; *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 654 (Pa. Super. 1999). Plaintiff's allegations fail to suggest that Defendants published any *private* facts about Plaintiff. A matter which is a public record, such as a civil judgment, is generally not considered a private fact. *See Strickland*, 700 A.2d at 987 (finding that a lawsuit against plaintiff was a matter of public record and therefore not a private fact). *See also Cox Broad. Corp v. Cohn*, 420 U.S. 469, 496 (1975) (holding that a broadcasting corporation could not be liable for invasion of privacy after it published the name of a rape victim obtained from official records open to public inspection);[2] RESTATEMENT (SECOND) OF TORTS § 652D, cmt. b (1977) ("There is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public. Thus there is no liability for giving publicity to facts about the plaintiff's life that are matters of public record, such as the date of his birth, the fact of his marriage, his military record, the fact that he is admitted to the practice

---

[2] While this case dealt with publication by the press, the analysis of what is a private fact can apply more broadly.

of medicine or is licensed to drive a taxicab, or the pleadings that he has filed in a lawsuit. On the other hand, if the record is one not open to public inspection, as in the case of income tax returns, it is not public, and there is an invasion of privacy when it is made so.") A civil judgment is a matter of public record and thus not a private fact. Because plaintiff has not specified any inaccurate information that could be considered a private fact, the factual allegations in the complaint are insufficient to meet the elements for false light invasion of privacy.

*Declaratory and injunctive relief*

Finally, Defendants argue that Plaintiff is not entitled to injunctive or declaratory relief under the FCRA as a matter of law. There is some case law to support the contention that injunctive relief is not available to private litigants under the FCRA. *E.g. Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Gelman v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2306578, *9 (E.D. Pa. 2007). Courts have also denied declaratory relief to Plaintiffs under the FCRA. *E.g. Anderson v. Capital One Bank*, 224 F.R.D. 444, 448-49 (W.D. Wis. 2004); *Gelman* at *9.  However, the Third Circuit has not specifically addressed this issue,[3] and lower

---

[3] The Third Circuit recently affirmed *Gelman*, dismissing all of Plaintiff's claims under the FCRA. *Gelman v. State Farm Mut. Auto. Ins. Co.*, --- F.3d ---- (3rd Cir.(Pa.) Oct 05, 2009) (NO. 07-3665). However, the Court did not address the district court's holding that the FCRA does not provide private litigants declaratory and injunctive relief. Rather, the Court affirmed on a separate basis. *See id.* --- F.3d ---, at 7, n.3 ("Gelman is only challenging the district court's holding that State Farm's mailer was an offer of insurance and that the disclosure of his credit report was therefore permissible under the FCRA. That holding resulted in the dismissal of each of Gelman's claims under the FCRA.") Thus the Third Circuit affirmed the holding that Gelman failed to state a claim for his false pretenses and permissible purpose claims, because State Farm's mailer constituted an offer of insurance under the FCRA, which was a permissible purpose for disclosing Gelman's credit report. The Court omitted any discussion of whether the

courts have gone in both directions regarding both injunctive and declaratory relief. Because it is an open question whether Plaintiff may be entitled to declaratory or injunctive relief, I deny the motion, without prejudice to defendants to raise the issue at a later stage of the litigation, at which point the law may be defined.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

---

FCRA disallows claims for declaratory or injunctive relief, other than to note the district court's holding.